IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE PANTOJAS, | |
| Plaintiff, | CIVIL ACTION |
| vs. | NO: _____ |
| QUAKER CITY MOTOR PARTS CO., | |
| Defendant. | **JURY TRIAL DEMANDED** |

### DEFENDANT, GENUINE PARTS COMPANY'S (INCORRECTLY IDENTIFIED AS "QUAKER CITY MOTOR PARTS CO.") NOTICE OF REMOVAL

Defendant, Genuine Parts Company (Incorrectly identified as "Quaker City Motor Parts Co." and hereinafter "Defendant"), by and through its counsel, Fowler Hirtzel McNulty & Spaulding, LLP, hereby files this notice of remove of the above-captioned action, which is presently in the Philadelphia County Court of Common Pleas, Civil Action October Term 2017, No. 0746, pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1441 *et seq.*, and in support thereof, avers as follows:

1. Plaintiff, Eddie Pantojas (hereinafter "Plaintiff"), claims he was injured after tripping and falling in the rear parking area on Defendant's property on January 26, 2017, and filed the instant lawsuit.

2. Plaintiff initiated suit by filing a Complaint in the Court of Common Pleas of Philadelphia County on October 6, 2017. A copy of the Court of Common Pleas' docket is attached as **Exhibit "A"**.

3. A copy of all pleadings in this matter are attached as follows:

- **Exhibit "B"**: Plaintiff's Complaint; and

- **Exhibit "C"**: Entry of Appearance and Jury Demand on behalf of Genuine Parts Company (Incorrectly identified as "Quaker City Motor Parts Co").

## I.     PARTIES

4.     Plaintiff resides in Philadelphia, Pennsylvania. See Ex. B. ¶ 1.

5.     Genuine Parts Company, is a Georgia corporation with its principal place of business in Atlanta, Georgia.

6.     Genuine Parts Company was a Georgia corporation with its principal place of business in Atlanta, Georgia, when this action was filed.

7.     Genuine Parts Company acquired Quaker City Motor Parts Co. in 2011 and Quaker City Motor Parts Co. formally merged into Genuine Parts Company on January 1, 2012.

## II.     BACKGROUND

8.     In his Complaint, Plaintiff alleges that he was carrying two boxes in the rear parking area of Defendant's premises when his foot came into contact with "the uneven and defective parking lot surface" which caused him to sustain serious and permanent injuries. *See* Ex. B. ¶ 5.

9.     Plaintiff alleges that Defendant's negligence caused: a chondral fracture with a flap involving the medial aspect of the tibial plateau, symptomatic plica medalis lesion of the tibial plateau, medial meniscus tear at the femoral insertion, Grade I sprain of the MCL ligament, arthroscopic surgical resection of the plica and shaving of the articular cartilage, and other injuries. *See* Ex. B., ¶ 11.

10.     This action was filed as a major jury matter for which there is no monetary cap on recovery.

## III.     LEGAL BASIS FOR REMOVAL

11.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the

United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441.

12.    "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

**B.    THE CASE IS REMOVABLE BECAUSE DIVERSITY JURISDICTION NOW EXISTS.**

13.    Diversity jurisdiction is proper where (1) complete diversity exists, and (2) the amount in controversy exceeds $75,000.00.

14.    Typically, diversity jurisdiction must exist at the time an action is commenced, unless subsequent events trigger removal. *See Ramirez v. Vintage Pharms., LLC*, 852 F.3d 324, 331 n.3 (3d Cir. 2017).

15.    If a subsequent event makes a case removable, the defendant may file a notice of removal within 30 days after receipt of the document from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3).

**1.    COMPLETE DIVERSITY EXISTS.**

16.    For individuals, "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann v. George W. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).

17.    Plaintiff resides in Pennsylvania, and is therefore a citizen of the Commonwealth of Pennsylvania.

18.     A corporation is a citizen of the states in which it is incorporated and in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

19.     Genuine Parts Company is a Georgia corporation and its principal place of business is in Atlanta, Georgia.

20.     Therefore, complete diversity of citizenship under 28 U.S.C. § 1332 exists.

**1. THE AMOUNT IN CONTROVERSY EXCLUSIVE OF INTEREST AND COSTS EXCEEDS $75,000.**

21.     In addition to complete diversity, diversity jurisdiction requires that the amount in controversy exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

22.     When case is removed on the basis of diversity jurisdiction,

the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[.]

28 U.S.C. § 1446(c)(2)(A)(ii).

23.     "[R]emoval of the action is proper on the basis of an amount in controversy asserted under [28 U.S.C. § 1446(c)(2)(A)(ii)] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000.00, exclusive of interest and costs (for purposes of this case). 28 U.S.C. § 1446(c)(2)(B).

24.     Pennsylvania law prohibits a party from demanding a specific amount of unliquidated damages. *See* Pa.R.C.P. No. 1021(b).

25.     Accordingly, Genuine Parts Company is entitled to assert the amount in controversy in this Notice of Removal. *See* 28 U.S.C. § 1446(c)(2)(A)(ii); *Howard v. Wal-Mart Supercenter*, No. 09-cv-4530, 2009 WL 4362856, 2009 U.S. Dist. LEXIS 112078, at *7-10 (E.D.

Pa. Dec. 1, 2009) (noting that Rule 1021(b) allows a defendant to assert the amount in controversy in its notice of removal).

26.    "The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d. 661, 666 (3d. Cir. 2002).

27.    Further, "a claim may be remanded for lack of subject-matter jurisdiction only when 'it . . . appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Lewis v. FCA US LLC*, No. 15-2811, 2015 WL 3767521, 2015 U.S. Dist. LEXIS 78214, at *5 (E.D. Pa. June 17, 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938));[1] *Howard*, 2009 U.S. Dist. LEXIS 112078, at *8 (quoting *DiBattista v. Dixon*, No. 09-cv-3086, 2009 WL 2245060, 2009 U.S. Dist. LEXIS 65175, at *4 (E.D. Pa. July 27, 2009)) ("[T]he rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000.").

28.    As indicated above, Plaintiff filed his action in the Major Jury Court Program, for which there is no monetary cap on recovery.

29.    Plaintiff claims that he suffered "serious and permanent injuries" to his right knee consisting of, *inter alia*, a chondral fracture and a medial meniscus tear resulting in arthroscopic surgical resection. *See* Ex. B., ¶ 11.

30.    Based on the entire Complaint, *see Lewis*, 2015 U.S. Dist. LEXIS 78214, at *6, and the harm allegedly suffered by Plaintiff, it is more likely than not that the amount in controversy is more than $75,000.00, exclusive of interest and costs.

---

[1] *Red Cab* was superseded in part on other grounds by the Judicial Improvements and Access to Justice Act of 1988, Pub. L. No. 100-702, Title X, § 1016(b), 102 Stat. 4669 (amending 28 U.S.C. § 1447(c)).

31.     Because the amount in controversy exceeds $75,000.00 and complete diversity exists, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a); and removal is therefore proper.

**C. VENUE IN THIS COURT IS PROPER.**

32.     Venue is proper in the district court and division thereof which embrace the place where the state-court action is pending. 28 U.S.C. § 1441(a).

33.     Philadelphia County is within the Eastern District of Pennsylvania.

34.     Therefore, this Court is the proper venue for removal of this action.

**D. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.**

35.     A notice of removal must be filed within 30 days after receipt of the "initial pleading setting for the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b); *see Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 221-23 (3d Cir. 2005).

36.     Here, Plaintiff's Complaint was filed in the Court of Common Pleas of Philadelphia County on October 6, 2017, and the notice of removal herein was filed within 30 days after the receipt of this initial pleading, and is therefore timely. *See* 28 U.S.C. § 1446(b)(3).

37.     Further, this Notice of Removal is filed well within one year of the commencement of this action. *Cf.* 28 U.S.C. § 1446(c)(1) (providing that, generally, a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action).

38.     Accordingly, the procedural requirements to remove this matter are met.

**IV.     JURY TRIAL DEMAND**

39.     Defendant demanded a jury trial prior to removal. *See* Ex. C.

40.     Accordingly, it is not necessary to renew the jury-trial demand. *See* Fed.R.Civ.P. 81(c)(3)(A).

**WHEREFORE**, under 28 U.S.C. § 1441, Defendant, Geuine Parts Company (improperly identified as "Quaker City Motor Parts Co."), respectfully gives notice that the action now pending against them in the Court of Common Pleas of Philadelphia County, Pennsylvania is removed to this Honorable Court.

Respectfully submitted,

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**

By: _____

Dated: October 26, 2017

ANDREW J. SPAULDING, ESQUIRE
PA ID #: 88096
MICHAEL I. SCHWARTZ, ESQUIRE
PA ID #: 316532
Fowler, Hirtzel, McNulty & Spaulding, LLP
2000 Market Street, Suite 550
Philadelphia, PA 19103
P: 215-789-4848
F: 215-613-4994
E: aspaulding@fhmslaw.com
E: mschwartz@fhmslaw.com
Attorneys for Defendant, Genuine Parts Company (Incorrectly identified as "Quaker City Motor Parts Co.")

## **CERTIFICATE OF SERVICE**

I, Andrew J. Spaulding, Esquire, attorney for Defendant, Genuine Parts Company (improperly identified as "Quaker City Motor Parts Co."), do hereby certify that a true and correct copy of the foregoing Notice Removal was served via first-class mail on this 24th Day of October, 2017 to the following:

**Charles S. Cooper, Esquire**
**Counsel for Plaintiff**
Cooper & Schall PC
2000 Market Street
Suite 1400
Philadelphia PA, 19103

Andrew J. Spaulding, Esq.
Michael I. Schwartz, Esq.
Attorney for Defendant Genuine Parts Company (Incorrectly identified as "Quaker City Motor Parts Co.")

Date: October 26, 2017

# EXHIBIT A





A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 171000746 |
| **Case Caption:** | PANTOJAS VS QUAKER CITY MOTOR PARTS CO. |
| **Filing Date:** | Friday , October 06th, 2017 |
| **Court:** | MAJOR JURY-EXPEDITED |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | PREMISES LIABILITY, SLIP/FALL |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | COOPER, CHARLES S |
| **Address:** | COOPER & SCHALL PC 2000 MARKET STREET SUITE 1400 PHILADELPHIA PA 19103 (215)561-3313 | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | PANTOJAS, EDDIE |
| **Address:** | 4323 FRANKLIN ST PHILADELPHIA PA 19140 | **Aliases:** | *none* | |
| | | | | |
| 3 | 5 | | DEFENDANT | QUAKER CITY MOTOR PARTS CO |
| **Address:** | 2801 LIMEKILN PIKE | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| | GLENSIDE PA 19038 | | | |

| 4 | | | TEAM LEADER | NEW, ARNOLD L |
|---|---|---|---|---|
| **Address:** | 606 CITY HALL<br>PHILADELPHIA PA 19107<br>(215)686-7260 | **Aliases:** | *none* | |

| 5 | | | ATTORNEY FOR DEFENDANT | SPAULDING, ANDREW J |
|---|---|---|---|---|
| **Address:** | FOWLER HIRTZEL<br>MCNULTY<br>& SPAULDING, LLP<br>2000 MARKET STREET,<br>STE. 550<br>PHILADELPHIA PA 19103<br>(215)789-4841 | **Aliases:** | *none* | |

| 6 | 5 | | ATTORNEY FOR DEFENDANT | SCHWARTZ, MICHAEL I |
|---|---|---|---|---|
| **Address:** | FOWLER HIRTZEL<br>MCNULTY SPAULD<br>2000 MARKET ST<br>SUITE 550<br>PHILADELPHIA PA 19103<br>(215)789-4848 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 06-OCT-2017 10:50 AM | ACTIVE CASE | | | 06-OCT-2017 11:58 AM |
| **Docket Entry:** | E-Filing Number: 1710014886 | | | |
| | | | | |
| 06-OCT-2017 10:50 AM | COMMENCEMENT CIVIL ACTION JURY | COOPER, CHARLES S | | 06-OCT-2017 11:58 AM |
| **Documents:** | <u>Final Cover</u> | | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |

| 06-OCT-2017<br>10:50 AM | COMPLAINT FILED NOTICE<br>GIVEN | COOPER,<br>CHARLES S | | 06-OCT-2017<br>11:58 AM |
|---|---|---|---|---|
| **Documents:** | Pantojas Complaint.pdf | | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 06-OCT-2017<br>10:50 AM | SHERIFF'S SURCHARGE 1<br>DEFT | COOPER,<br>CHARLES S | | 06-OCT-2017<br>11:58 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 06-OCT-2017<br>10:50 AM | JURY TRIAL PERFECTED | COOPER,<br>CHARLES S | | 06-OCT-2017<br>11:58 AM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |
| | | | | |
| 06-OCT-2017<br>10:50 AM | WAITING TO LIST CASE<br>MGMT CONF | COOPER,<br>CHARLES S | | 06-OCT-2017<br>11:58 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 24-OCT-2017<br>12:20 PM | ENTRY OF APPEARANCE | SPAULDING,<br>ANDREW J | | 25-OCT-2017<br>12:04 PM |
| **Documents:** | W0654211.PDF | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF ANDREW J SPAULDING AND MICHAEL I SCHWARTZ FILED. (FILED ON BEHALF OF GENUINE PARTS COMPANY INCORRECTLY IDENTIFIED AS QUAKER CITY) | | | |
| | | | | |
| 24-OCT-2017<br>12:20 PM | JURY TRIAL PERFECTED | SPAULDING,<br>ANDREW J | | 25-OCT-2017<br>12:04 PM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

E-Filing System    Search Home    Return to Results

# EXHIBIT B

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | E-Filing Number: 1710014886 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| EDDIE PANTOJAS | QUAKER CITY MOTOR PARTS CO. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 4323 FRANKLIN STREET<br>PHILADELPHIA PA 19140 | 2801 LIMEKILN PIKE<br>GLENSIDE PA 19038 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2S - PREMISES LIABILITY, SLIP/FALL |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|
| | |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: EDDIE PANTOJAS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| CHARLES S. COOPER | COOPER & SCHALL PC<br>2000 MARKET STREET |
| PHONE NUMBER: (215)561-3313    FAX NUMBER: (215)246-0693 | SUITE 1400<br>PHILADELPHIA PA 19103 |
| SUPREME COURT IDENTIFICATION NO.<br>46568 | E-MAIL ADDRESS<br>charlescooper@coopersschallandlevy.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>CHARLES COOPER | DATE SUBMITTED<br>Friday, October 06, 2017, 10:50 am |

PRELIMINARY COPY (For Approval by the Prothonotary Clerk)

**COOPER & SCHALL, P.C.**
By: Charles S. Cooper, Esquire
Atty. I.D. No. 46568
2000 Market Street
Suite 1400
Philadelphia, PA 19103
(215)561-3313

**MAJOR CASE – JURY TRIAL REQUESTED**
**Attorney for Plaintiff**

| | | |
|---|---|---|
| **EDDIE PANTOJAS** | : | **COURT OF COMMON PLEAS** |
| **4323 Franklin Street** | : | |
| **Philadelphia, Pa. 19140** | : | |
| Plaintiff | : | **PHILADELPHIA COUNTY** |
| | : | |
| **v.** | : | **OCTOBER TERM, 2017** |
| | : | |
| **QUAKER CITY MOTOR PARTS CO.** | : | **NO.** |
| **2801 Limekiln Pike** | : | |
| **Glenside, PA. 19038-2204** | : | |
| Defendant | : | |

### CIVIL ACTION COMPLAINT

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint & Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias deplazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de s persona. Sea avisado que si used no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTSASS DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PAPA AVAERIGUAR DONDE SE PAEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA COUNTY BAR ASSOCIATION<br>Lawyer Referral & Information Service<br>One Reading Center, 1101 Market Streets, Philadelphia,<br>Pennsylvania 19107<br>(215) 238-1701 | ASOCIACION DE LICENCIADOS DE FILADELFIA<br>Servico De Referencia E Informacion Legal<br>One Reading Center, 1101 Market Streets, Filadelfia,<br>Pennsylvania 19107<br>(215) 238-1701 |

**COOPER & SCHALL, P.C.**
By:  Charles S. Cooper, Esquire                    **Attorney for Plaintiff**
Atty. I.D. No. 46568
2000 Market Street
Suite 1400
Philadelphia, PA 19103
(215)561-3313

---

| | | |
|---|---|---|
| **EDDIE PANTOJAS** | : | **COURT OF COMMON PLEAS** |
| **4323 Franklin Street** | : | |
| **Philadelphia, Pa. 19140** | : | |
|        **Plaintiff** | : | **PHILADELPHIA COUNTY** |
| | : | |
|    **v.** | : | **OCTOBER TERM, 2017** |
| | : | |
| **QUAKER CITY MOTOR PARTS CO.** | : | **NO.** |
| 2801 Limekiln Pike | : | |
| Glenside, PA. 19038-2204 | : | |
|       **Defendant** | : | |

<u>CIVIL ACTION COMPLAINT</u>

Plaintiff, Edddie Pantojas, files this Civil Action Complaint against Defendant, Quaker
City Motor Parts and in support hereof represents as follows:

    1.     Plaintiff, Eddie Pantojas is an adult individual, residing at the above-captioned
address.

    2.     Defendant, Quaker City Motor Parts Co. is a Corporation operating and doing
business under the laws of the State of Delaware and is the owner of the premises located at the
above-captioned address.

    3.     Defendant Quaker City Motor Parts Co. regularly conducts business in the City of
Philadelphia and/or owns properties throughout the City of Philadelphia.

    4.     On or about January 26, 2017 Defendant owned, possessed and controlled and
exercised the right of control with respect to the premises including the rear parking area located
at 2801 Limekiln Pike, Glenside, PA. 19038-2204.

    5.     On or about January 26, 2017 Plaintiff was lawfully walking on the Defendant's

premises in the aforesaid rear parking area while carrying two boxes when his foot came into contact with the uneven and defective parking lot surface which caused him to lose his balance, trip and stumble sustaining serious and permanent injuries more fully set forth herein. (Attached hereto and Marked as Exhibit "A" is a photograph of the accident scene including the defective parking lot surface which caused plaintiff to trip and stumble).

6.     At all times relevant hereto, Defendant knew or should have known that the aforementioned parking lot was defective and dangerous and posed a serious risk of harm to persons such as Plaintiff.

7.     At all times relevant hereto, Plaintiff, relied upon the fact that Defendant would maintain the property in a safe manner and Defendants' failure to maintain the property as aforesaid increased the risk of harm to the Plaintiff.

8.     At all times material hereto, Defendant acted by and through their agents (actual, apparent or ostensible), servants, workmen, employees and/or officers, all of whom were then and there acting within the course and scope of their duties, agency, employment or authority for Defendant.

9.     This accident was caused solely from the negligence, carelessness, and/or recklessness of Defendant and was in no manner whatsoever due to any act of negligence on the part of Plaintiff.

10.     The aforesaid accident was caused by the negligence, carelessness and/or recklessness of Defendant, acting as aforesaid, which negligence, carelessness and/or recklessness consisted, inter alia, of the following:

(a)     failing to repair the defective condition as described above;
(b)     failing to properly, completely and thoroughly inspect the property at regular intervals;
(c)     failing to promptly and carefully post warning signs, install barricades

and/or post notices to warn individuals of the defective condition;

(d)     allowing the said hazardous and dangerous condition to exist once created;

(e)     failing to make timely and proper repairs upon said premises;

(f)     failing to inspect and failing to establish a policy of inspection;

(g)     failing to repave, construct and repair the defective condition;

(h)     failing to hire a contractor and/or repair person to fix the defective condition;

(i)     otherwise acting in a manner that was negligent, careless and reckless at law and in fact all of which a reasonable person would have known or in the exercise of reasonable care should have known caused an unreasonable risk of harm to the public and more particularly to the plaintiff herein;

(j)     violating applicable ordinances and property maintenance codes for the State of Pennsylvania as well as such other statutes and case law governing the maintenance of property including but not limited to ASTM F1637, IPMC 302.3;

(k)     such other acts of negligence, carelessness, and/or recklessness as may be adduced through discovery or at trial.

11.     As the direct and proximate result of Defendant's negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about his body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to his bones, joints, nerves and nervous system,  including, but not limited to a right knee injury including: chondral fracture with a flap involving the medial aspect of the tibial plateau, symptomatic plica medalis lesion of the tibial plateau, medial meniscus tear at the femoral insertion, Grade I sprain of the MCL ligament, arthroscopic surgical resection of the plica and shaving of the articular cartilage, severe aches, pains, mental anxiety and anguish, severe shock to his entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform his daily life activities, and the full extent of which is not yet known.

12.     As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and he will continue to suffer same for an indefinite period of time in the future

Case ID: 171000746

13.     As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries he has suffered.

14.     As a further result of the said accident, Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries he sustained in this accident.

15.     As a further result of the said accident, Plaintiff has been unable to attend to his daily chores, duties, and occupations, and he will be unable to do so for an indefinite time in the future, all to his great financial detriment and loss.

16.     As a further result of the said accident, Plaintiff has and will suffer severe loss of his earnings and/or impairment of his earning capacity.

**WHEREFORE**, Eddie Pantojas, demands judgment against Defendant Quaker State Motor Parts Co. for damages, together with interest and cost of suit.

COOPER & SCHALL, P.C.

CHARLES S. COOPER, ESQUIRE
Attorney for Plaintiff
Eddie Pantojas

Dated: 10/6/17

Case ID: 171000746

## VERIFICATION

I, ~~EDDIE   PANTOSAS~~, am the Plaintiff in the herein matter and certify
that the statements set forth in the attached Complaint, Pleading, Motion, and/or Answers
to Interrogatories, Request to Produce Documents, and/or Request for Admissions are
true and correct to the best of my information, knowledge, and belief.  I further
understand that all statements set forth herein are subject to the prohibitions set forth in
18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

DATE: 10/6/17

Case ID: 171000746

# EXHIBIT A

Case ID: 171000746



# EXHIBIT C

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**
BY: ANDREW J. SPAULDING, ESQUIRE
I.D. #:88096
E-MAIL: ASPAULDING@FHMSLAW.COM
BY: MICHAEL I. SCHWARTZ, ESQUIRE
I.D. #:316532
E-MAIL: MSCHWARTZ@FHMSLAW.COM
2000 MARKET STREET, SUITE 550
PHILADELPHIA, PA  19103
215-789-4848

ATTORNEYS FOR DEFENDANT,
GENUINE PARTS COMPANY
(INCORRECTLY IDENTIFIED AS
"QUAKER CITY MOTOR PARTS CO.")

| | |
|---|---|
| EDDIE PANTOJAS<br><br>                    Plaintiff,<br><br>          v.<br><br>QUAKER CITY MOTOR PARTS CO.<br><br>                    Defendant. | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL ACTION - LAW<br><br>**OCTOBER TERM, 2017**<br><br>**NO. 0746** |

<u>**ENTRY OF APPEARANCE AND JURY TRIAL DEMAND**</u>

TO THE PROTHONOTARY:

Kindly enter our appearance and a demand for a jury trial by jury of twelve (12) on behalf of Defendant, Genuine Parts Company (incorrectly identified as "Quaker City Motor Parts Co."), in connection with this matter.

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**

**By:** _____

DATED: 10/24/17

**ANDREW J. SPAULDING, ESQ.**
**MICHAEL I. SCHWARTZ, ESQ.**
**Attorneys for Defendant,**
**Genuine Parts Company**
**(incorrectly identified as "Quaker City Motor Parts Co.")**